**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| WINSTON HAYLES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 5:15-CV-63-CDL |
| | : | |
| Warden CEDRIC TAYLOR, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER & RECOMMENDATION

*Pro se* Plaintiff Winston Hayles, an inmate at Baldwin State Prison, has filed a 42 U.S.C. § 1983 complaint (ECF No. 1) and a motion to proceed *in forma pauperis* (ECF No. 2). Based on his submissions, the Court finds Plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** his motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless obligated to pay the $350.00 filing fee, as is discussed below. The Clerk of Court is directed to send a copy of this Order to the business manager at Plaintiff's place of incarceration. Upon review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, it is recommended that all claims and defendants be dismissed except Plaintiff's claim against Defendants Hall and Ward for retaliation in violation of the First Amendment.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint which "seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).

Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations to support his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. ANALYSIS

### A. Alleged retaliation by Defendants Hall and Ward

Plaintiff claims that he has been targeted for abuse and harassment because he filed grievances and a previous 42 U.S.C. § 1983 action naming various prison officials. Compl. 3. Specifically, he alleges that on January 8, 2015 while he was in line waiting for food, Lieutenants Hall and Ward started harassing him, handcuffed him, and had him placed in administrative segregation for 14 days.

3

In order to state First Amendment retaliation claim, Plaintiff must show: (1) his speech was constitutionally protected; (2) the Defendants' retaliatory conduct adversely affected his protected speech; and (3) there is a causal connection between the retaliatory actions and the adverse effect on the speech. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008). Plaintiff's grievances and civil actions are protected speech under the First Amendment. *Id.*; *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986). Plaintiff alleges that Hall and Ward had no reason, other than retaliation, to harass him and place him in administrative segregation for 14 days. Taking Plaintiff's allegations as true, Plaintiff has alleged a sufficient factual basis to allow this claim to go forward against Defendants Hall and Ward.

### B. Alleged violation of Plaintiff's due process rights

Plaintiff also complains that his due process rights under the Fourteenth Amendment were infringed when he was transferred to administrative or disciplinary segregation for 14 days without notice of the charges against him and without a hearing. He states that while in segregation for 14 days, he did not have access to the courts, religious services, vocational, educational, recreational, or rehabilitative programs, and his exercise was restricted.

The threshold inquiry is whether the injury Plaintiff claims "is within the scope of the Due Process Clause." *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999). The Due Process Clause prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Plaintiff was "not

deprived of life or property; [he is] therefore entitled to due process only if [he was] deprived of 'liberty' within the meaning of the Fourteenth Amendment." *Bass*, 170 F.3d at 1318. According to the Supreme Court, "there are two circumstances in which a prisoner can be further deprived of his liberty such that due process is required." *Id.* One is when the change in a prisoner's confinement is so severe it exceeds the sentence imposed by the court. *Id.* (citing *Sandin v. Conner*, 515 U.S. 480, 492-93 (11th Cir. 1999)). Certainly segregated confinement for 14 days and the temporary loss of certain privileges does not amount to such a change, and Plaintiff does not allege that it does. "The second is when the state has consistently given a certain benefit to prisoners … and the deprivation of that benefit 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* (citing *Sandin*, 515 U.S. at 484). Plaintiff states the legal conclusion that his 14-day segregation and temporary loss of certain privileges amounted to an "atypical and significant hardship." Compl. 3. Such an allegation is not sufficient to make the requisite showing. The facts alleged in the Complaint must show that placement in segregation amounted to an "atypical and significant hardship."

In *Sandin*, the inmate challenged his 30-day confinement in disciplinary segregation. The Supreme Court held that his "segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin*, 515 U.S. at 486. Therefore, the inmate was not entitled to due process under the Constitution. Here, Plaintiff states that he served 14 days in administrative segregation and temporarily lost some privileges. Under *Sandin*, this does

5

not amount to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" and, therefore, Plaintiff was not entitled to due process under the Constitution. *Id*. at 484. For this reason, it is **RECOMMENDED** that Plaintiff's due process claim be **DISMISSED**.

C. <u>Alleged violation of Plaintiff's right to access the courts</u>

Without any further explanation, Plaintiff states that he "was denied access to the courts for p[u]rsuing and respond[ing] to post conviction remedies and for challenging conditions of confinement." Compl. 3. "Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003). However, Plaintiff's allegations regarding denial of access to the courts are simply too vague and conclusory to be allowed to go forward. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) ("In civil rights action, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory.").

Plaintiff has not told the Court who denied him access to the courts or exactly how he was denied access. More importantly, Plaintiff has not shown an actual injury, "such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." *Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008) (internal quotations and citation omitted). Without such, Plaintiff has failed to state a claim for denial of his right to access the courts. For this reason, it is **RECOMMENDED**

that Plaintiff's access to courts claim be **DISMISSED WITHOUT PREJUDICE**.

> D. <u>Alleged denial of access to vocational, educational, recreational, and rehabilitative programs</u>

To any extent that Plaintiff seeks to raise a separate claim that the denial of access to vocational, educational, recreational, and rehabilitative program during his isolation violates his rights, he fails to state a claim upon which relief can be granted. There is "no constitutional right to vocational, rehabilitative or educational programs." *Velazquez v. Weinman,* 466 F. App'x 806, 806-07 (11th Cir. 2012) (internal quotations and citations omitted). For this reason, it is **RECOMMENDED** that Plaintiff's claims that he was denied access to vocational, educational, recreational, and rehabilitative programs be **DISMISSED** under 28 U.S.C. § 1915.

> E. <u>Alleged denial of Plaintiff's First Amendment right to the free exercise of religion</u>.

Without further explanation, Plaintiff states that during his 14 days of administrative or disciplinary segregation, he was "denied free exercise of religious services that violated the 1st Amendment." Compl. 4. It is unclear if and when Plaintiff requested to attend religious services or exactly what religious services he was prevented from attending. Also, Plaintiff does not tell the Court who told him he could not attend religious services. Plaintiff's allegations are simply too vague and conclusory to be allowed to go forward. *Fullman*, 739 F.2d at 556-57. For this reason, it is **RECOMMENDED** that Plaintiff's claims that he was denied access to religious services be **DISMISSED WITHOUT PREJUDICE**.

F.  Allegations against Warden Cedric Taylor and Deputy Warden Lumpkin

Plaintiff claims he told Defendants Taylor and Lumpkin of the "severe hardship that [he] was forced to endure," but they did nothing. Compl. 4. It appears Plaintiff is attempting to hold Warden Taylor and Deputy Warden Lumpkin vicariously liable for the actions of other employees. However, a supervisory official is not liable under § 1983 solely on the basis of respondeat superior or vicarious liability. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Instead, there must be an affirmative link between the defendant's action and the alleged constitutional deprivation. *Gilmere v. Atlanta*, 774 F.2d 1495, 1504 (11th Cir. 1985). A plaintiff must show one of the following: (1) personal participation; (2) "a history of widespread abuse [that] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so"; (3)"a supervisor's custom or policy [that] results in deliberate indifference to constitutional rights"; or (4) the "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal citations and quotations omitted). Plaintiff has not made such a showing. For this reason, it is **RECOMMENDED** that Warden Taylor and Deputy Warden Lumpkin be **DISMISSED** from this action.

### III.  CONCLUSION

In summary, Plaintiff's First Amendment retaliation claim shall be allowed to go forward against Defendants Hall and Ward. It is **ORDERED** that service be made on

these two Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendant is also reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

It is **RECOMMENDED** that Plaintiff's claims regarding lack of access to both religious services and the courts be **DISMISSED WITHOUT PREJUDICE**.  It is **RECOMMENDED** that Plaintiff's claims regarding due process and lack of vocational, educational, recreational, and rehabilitative programs be **DISMISSED** from this action. Finally, it is also **RECOMMENDED** that Defendants Taylor and Lumpkin be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The District Judge shall make a de novo determination as to those portions of the Recommendation to which objection is made; all other portions of the Recommendation may be reviewed by the District Judge for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to

factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the

Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## **DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective

order is sought by the defendants and granted by the court. This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## **REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery

period begins, unless otherwise directed.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the *Prison Litigation Reform Act*, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

**SO ORDERED AND RECOMMENDED**, this 11th day of March, 2015.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE